IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY B. LEGGITTE )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>LARRY LITTON, SR. )<br>)<br>Defendant. ) | CIVIL ACTION NO.  2:04CV-831-T<br>WO |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

I.

On March 24, 2005, the District Court adopted the *Recommendation of the Magistrate Judge* for (a) dismissal with prejudice of all claims asserted against the sole designated defendant, Larry Litton, Sr., in response to his Motion to Dismiss for lack of personal jurisdiction, and (b) referral of this action back to the Magistrate Judge for Recommendation on any proceedings pursued by the *pro se* plaintiff ("Leggitte") against any additional defendant added by timely amendment.[1]  By Order entered on April 6, 2005, the Magistrate Judge extended the plaintiff's deadline for filing such an amendment from March 31 to April 19, 2005.  (Doc. 21).[2]

---

[1] The Court properly construed as a Rule 15 Motion to Amend Leggitte's request for allowance  "to amend the original complaint to name not only Larry Litton, Sr., C.E.O. and President of Litton Loan Servicing, LLP, but also Litton Loan Servicing, LLP." (Doc. 12, ¶ 14, and Doc. 17)

[2] Leggitte grounded his April 4, 2005 motion for continuance on his asserted good faith in seeking counsel. (Doc. 20). In deference to his *pro se* status and without allowing any opportunity
(continued...)

The plaintiff has not amended his complaint and no valid reason compels any further extension of his deadline for such filing. In the absence of a defendant, the complaint has no viability and is due to be dismissed with prejudice.

## II.

Accordingly, **it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice.**

**It is further ORDERED** *that the parties shall file any objections to the said Recommendation not later than May 9, 2005.* Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2](...continued)
for a response by the defendant already dismissed from this action, the Magistrate Judge granted Leggitte's untimely motion after cautioning him against any further dilatoriness and also against the perils of Rule 11(b),Federal Rules of Civil Procedure. (Doc.21, April 6, 2005)  Eight days after entry of this Order by the Magistrate Judge, Counsel for Defendant Litton filed a *Response in Opposition to the Motion for Continuance* (Doc. 22, April 14, 2005), and detailed therein – with supporting documentation – both Leggitte's "ample opportunity to prosecute his purported claims against Litton Loan Servicing, LLP., but also his purported "[improper use of] the judicial system as a means to avoiding eviction from a house he is no longer paying for." *See Response* at ¶¶ 5-9.

Defendant's *Response* is mooted by the court's prior order granting the motion for continuance. While Defendant's *Response* need not be considered a basis for this Recommendation, it serves to buttress the asserted basis – i.e., the plaintiff's non-prosecution of this claim against another defendant notwithstanding ample opportunity. Should the *pro se* plaintiff file any objections to this Recommendation, the Magistrate Judge recommends that Defendant's *Response* be considered as a supplemental factor in the recommended decision to overrule any objections.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd   day of April, 2005.

      **/s/ Delores R. Boyd**
      DELORES R. BOYD
      UNITED STATES MAGISTRATE JUDGE